UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 24-CV- 21809-WILLIAMS/GOODMAN

GOORIN BROS., INC.,

          Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

          Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON
<u>PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT</u>**

In this intellectual property action, Goorin Bros., Inc., ("Goorin" or "Plaintiff")

seeks a default final judgment [ECF No. 56] against Defendants Nos. 2–4, 6, 7, 11, 12, 14,

16, 18–77, 79–91, 93, 94, 96–99, 101–08, 117, 118, 120, 123, 124, 127, 128, 130 and 131 [ECF

No. 56-24 (collectively, "Defaulting Defendants")].[1] Additionally, after Plaintiff filed its

motion [ECF No. 56], it filed a notice of voluntary dismissal against Defendant No. 118

---

[1]      In this Report and Recommendations, the term "Defendants" will refer to all
Defendants and the term "Defaulting Defendants" will refer to those Defendants against
whom Plaintiff is seeking a default judgment.

(ATHACER). [ECF No. 59].[2] Therefore, the Court should exclude Defendant No. 118 (ATHACER) from those Defaulting Defendants against whom Plaintiff is entitled to a default final judgment. The Defaulting Defendants have not responded to Plaintiff's motion (or otherwise participated in this lawsuit), and the response deadline has now expired.

United States District Judge Kathleen M. Williams referred this motion to the Undersigned. [ECF No. 58]. For the reasons discussed below, the Undersigned respectfully recommends that the District Court **grant in part and deny in part** Plaintiff's motion [ECF No. 56].

## I.      Background

Plaintiff filed a two-count Amended Complaint alleging copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.* (Count I) and trademark infringement and counterfeiting in violation of the Lanham Act, 15 U.S.C. § 1114, *et seq.* (Count II). [ECF No. 8]. Paragraph 19 of the Amended Complaint lists the copyright registration number, description, and registration date of each at-issue copyright ("Copyrights"). *Id.* at ¶ 19. Paragraph 20 lists the registration numbers, descriptions, and registration dates for Plaintiff's trademark ("GOORIN BROS. Trademarks" or "Marks" and collectively, "Trademarks and Copyrighted Works"). *Id.* at ¶ 20.

---

[2]      Plaintiff also filed notices of voluntary dismissal against other Defendants who are not Defaulting Defendants. *See* [ECF Nos. 57; 61].

The Amended Complaint alleges that "Defendants are promoting, selling, offering for sale, and importing goods into the United States that infringe Plaintiff's copyrights and trademarks, within this [D]istrict, through various Internet based e-commerce stores using the seller identities set forth on Schedule A (the "Seller IDs")[.]" *Id.* at 1; *see also* ¶¶ 33–53, 56, 71. The Amended Complaint further alleges that "[a]s a result of Defendants' actions, Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishing of its valuable copyrights, trademarks, and goodwill and, therefore, seeks injunctive and monetary relief. *Id.* at ¶ 9; *see also* ¶¶ 51, 68, 76.

Plaintiff moved for and obtained an Order permitting it to effectuate service of process on Defendant through alternate means. [ECF Nos. 14; 16]. Specifically, Judge Williams' Order allowed Plaintiff to serve Defendants:

a. by providing the address to Plaintiff's designated serving notice website to Defendants via the e-mail accounts provided by each Defendant as part of the data related to its e-commerce store, photo album, or domain name, including customer service e-mail addresses and onsite contact forms, or via the e-commerce marketplace, or image hosting website e-mail for each of the e-commerce stores and photo albums, including private messaging applications and/or services, or via the registrars of record for the domain names. *See* [ECF No.] 12 (listing Defendants' Seller IDs and Subject Domain Names and associated means of contact); and

b. by publicly posting a copy of the Summonses, Amended Complaint, and all relevant filings in this matter on Plaintiff's designated serving notice website.

[ECF No. 16, pp. 5–6].

Thereafter, Plaintiff filed a proof of service stating that it had emailed copies of

certain filings including the Amended Complaint [ECF No. 8] and the Summons [ECF No. 22] to each Defendant and "also effected service of process on Defendants via publication by posting a true and accurate copy of the Complaint, Issued Summons, and all relevant other filings in this case, on the website http://goorinbros-cases.com/case-24-cv-21809.html." [ECF No. 29, p. 1].

After Defendants failed to timely respond to the Amended Complaint, Judge Williams entered an Order directing the Clerk of the Court to enter a Clerk's Default against Defendants Nos. 1–4, 6, 7, 9–12, 14–77, 79–94, 96–108, 117, 118, 120, 123, 124, 127, 128, 130, and 132. [ECF No. 51]. The Clerk issued a Clerk's Default against these Defendants. [ECF No. 64].[3]

Plaintiff now seeks the entry of a default judgment in its favor and against Defaulting Defendants,[4] statutory damages, and the entry of a permanent injunction.

---

[3]     Although Judge Williams directed the Clerk to enter a clerk's default against Defendant Nos. 1–4, 6, 7, 9–12, 14–77, 79 to 94, 96 to 108, 117, 118, 120, 123, 124, 127, 128, 130, and 132 on August 28, 2024 [ECF No. 51], the Clerk did not do so at that time. On December 20, 2024, the Undersigned issued a paperless order directing the Clerk to comply with Judge William's Order. [ECF No. 62]. The Clerk entered a Clerk's Default against Defendant Nos. 1–4, 6, 7, 9–12, 14–77, 79 to 94, 96 to 108, 117, 118, 120, 123, 124, 127, 128, 130, and 132 on December 23, 2024.

[4]     While there is some overlap, those Defendants against whom the Clerk entered a Clerk's Default are not the *exact* same Defendants who are identified as "Defaulting Defendants" in this Report and Recommendations. In other words, all Defaulting Defendants are included in the Clerk's Default [ECF No. 64] but not all Defendants listed in the Clerk's Default are "Defaulting Defendants," as that term is used in this Report and Recommendations.

[ECF No. 56].

## II.      Applicable Legal Standard and Analysis

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the District Court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a default final judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[5] Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth

---

[5]      In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before the close of business on September 30, 1981 would become binding precedent in the Eleventh Circuit.

facts to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528, 2021 WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

III.   **Analysis**

"[B]efore entering a default judgment, the Court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered." *Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 1529915, at *2 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, No. 19-61358-CIV, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (citing *Nishimatsu*, 515 F.2d at 1206).

A.   **Subject-Matter Jurisdiction**

The Amended Complaint [ECF No. 8] alleges causes of action under the Copyright Act and Lanham Act. Therefore, the Court has original subject-matter jurisdiction over

the instant action. *See Ethos Grp., Inc. v. JAB Media, LLC*, No. 3:22-CV-485-TJC-LLL, 2023 WL 4187097, at *2 (M.D. Fla. May 25, 2023), *report and recommendation adopted*, No. 3:22-CV-485-TJC-LLL, 2023 WL 4181070 (M.D. Fla. June 26, 2023) ("Because this action arises under the Lanham Act, the Court has original subject-matter jurisdiction." (record citation omitted)); *Young Viper Gear, LLC v. Guangzhou Nujin Clothing Co.*, No. 23-22143-CIV, 2024 WL 4527711, at *2 (S.D. Fla. Oct. 18, 2024) ("[T]he Court has subject-matter jurisdiction over this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, *et seq.*; 28 U.S.C. § 1338(a), (b); and 28 U.S.C. § 1331.").

## B.    Personal Jurisdiction

In addition to subject-matter jurisdiction, a court must also have personal jurisdiction over a defendant. "A judgment rendered in the absence of personal jurisdiction is void and without legal effect." *Strange v. Nescio*, No. 20-80947-CV, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021) (citing *Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012)). For this reason, "when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue *sua sponte.*" *Id.*

"The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted."

7

*Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) (citation omitted).

### 1.     Service of Process

Service of process is a jurisdictional requirement. "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "[W]ithout proper service of process, the district court ha[s] no power to enter a default judgment against the [defendant]." *Albert v. Discover Bank*, No. 21-12011, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022).

As noted above, Plaintiff filed a motion seeking authorization for service of process through alternate means which the Court granted. [ECF Nos. 14; 16]. Plaintiff filed a proof of service indicating that Defendants were served via e-mail and via website posting with copies of (among other filings) the Amended Complaint [ECF No. 8] and the Summons [ECF No. 22]. *See* [ECF No. 29, p. 1].

Because Plaintiff complied with Judge Williams' Order [ECF No. 16] authorizing alternative service of process over Defendants, Plaintiff has effectuated service of process on Defendants in the instant case. *See Leading Edge Mktg. Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-23480-CIV, 2022 WL 16756952, at *2 (S.D. Fla. Nov. 7, 2022), *report and recommendation adopted*, No. 21-23480-CIV, 2022 WL 17144227 (S.D. Fla. Nov. 22, 2022) (finding defendants have been "properly served . . .with

the [c]omplaint and summonses via email and Internet publication, consistent with the Court's [o]rder [a]uthorizing [a]lternate [s]ervice"); *Ain Jeem, Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 8:21-CV-1261-VMC-JSS, 2022 WL 2306858, at *2 (M.D. Fla. Jan. 27, 2022), *report and recommendation adopted sub nom. Ain Jeem, Inc. v. Individuals*, No. 8:21-CV-1261-VMC-JSS, 2022 WL 2306874 (M.D. Fla. Feb. 15, 2022) (finding that "[the] [p]laintiff [had] properly effected service on [the] [d]efendants pursuant to Federal Rule of Civil Procedure 4(f)(3)" by complying with the court's order authorizing alternate service of process).

### 2. Amenability to Jurisdiction

"The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); *see also Warner Bros. Ent. Inc. v. Phillips*, No. 6:14-CV-1294-ORL-37, 2015 WL 4590519, at *3 (M.D. Fla. July 28, 2015) ("Even in the default judgment context, as a threshold matter, the plaintiff bears the burden of pleading sufficient facts to make out a *prima facie* case of personal jurisdiction over non-resident defendants.").

In *Leading Edge Mktg., Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified*

*on Schedule "A"*, this Court determined that it had "personal jurisdiction over the [d]efendants" because they had been served in accordance with the "Court's order authorizing alternative service" and:

> [the] [d]efendants directly target[ed] their business activities toward consumers in the United States, including Florida, and . . . [were] reaching out to do business with Florida residents by operating one or more commercial, interactive internet stores on internet marketplaces where Florida residents [could] purchase products bearing infringing and/or counterfeit trademarks belonging to the [p]laintiff.

No. 23-CV-21333, 2023 WL 3392684, at *2 (S.D. Fla. May 10, 2023).

> Similarly here, the Amended Complaint alleges that:

> 10.    This Court has personal jurisdiction over each Defendant, in that **each Defendant conducts significant business in Florida and in this Judicial District**, **and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Florida and in this Judicial District**.

> 11.    In addition, **each Defendant has offered to sell and ship infringing products into this Judicial District**.

> ***

> 14.    Defendants are subject to personal jurisdiction in this [D]istrict because they **direct business activities toward and conduct business with consumers through the United States, including within the State of Florida and this [D]istrict**, through at least the Internet based e-commerce stores and fully interactive commercial internet websites **accessible in Florida** and operating under the Defendant Internet Stores and Seller IDs.

[ECF No. 8, ¶¶ 10, 11, 14 (emphasis added)].

> Because "a defaulted defendant is deemed to have admitted the movant's well-

pleaded allegations of fact,"[6] these established facts provide a basis for this Court's personal jurisdiction over Defaulting Defendants. *See TWOWS, LLC v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 823CV00139WFJMRM, 2023 WL 2837693, at *2 (M.D. Fla. Apr. 7, 2023) ("[The] [p]laintiff has demonstrated a *prima facie* showing that this Court has specific personal jurisdiction over the [d]efendants. [The] [d]efendants, alleged to be residing or operating in outside the United States, and are alleged to have committed a tortious act within the state of Florida in satisfaction of Fla. Stat. § 48.193(1)(b).").[7]

In sum, Plaintiff has demonstrated that this Court has both subject-matter and personal jurisdiction over Defaulting Defendants.

### C.    Liability

As noted above, the Amended Complaint alleges copyright infringement (Count I)

---

[6]      *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014).

[7]      *See also, Lead Creation Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 8:23-CV-49-CEH-CPT, 2023 WL 1993971, at *2 (M.D. Fla. Feb. 14, 2023) ("[The] [p]laintiff has demonstrated a *prima facie* showing that this Court has personal jurisdiction over the [d]efendants, who are alleged to be residing or operating in the People's Republic of China, because the [d]efendants directly target their business activities toward consumers in the United States, including Florida. Specifically, [the] [p]laintiff has provided a basis to conclude that [the] [d]efendants have targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers using one or more [s]eller [a]liases, offer shipping to the United States, including Florida, accept payment in U.S. dollars and have sold the same product that infringes directly and/or indirectly [the] [p]laintiff's patent-in-suit to residents of Florida.").

and trademark infringement and counterfeiting (Count II). [ECF No. 8].

### 1.    Copyright Infringement

"A copyright infringement action requires a plaintiff to prove (1) ownership of a valid copyright, and (2) copying by defendants of constituent elements of the work that are original." *GOPRO, Inc. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Associations Identified on Schedule A*, No. 24-20037-CIV, 2024 WL 4879394, at *4 (S.D. Fla. Nov. 19, 2024), *report and recommendation adopted*, No. 24-20037-CIV, 2024 WL 4880699 (S.D. Fla. Nov. 25, 2024) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Here, Plaintiff alleges that it is the owner of the at-issue copyrights. [ECF Nos. 8, ¶¶ 1–3, 55; 8-1 (Exhibit 1)]. It further alleges that, "without Plaintiff's permission," "Defendants have directly copied the GOORIN BROS. Copyrights" or "[a]lternatively, Defendants' representations of Plaintiff's copyrights for the GOORIN BROS. Products in the online marketplace accounts are strikingly similar, or at the very least substantially similar to the GOORIN BROS. Copyrights[.]" *Id.* at ¶¶ 56, 58. Accordingly, Plaintiff has alleged all the required elements to state a claim for copyright infringement. Therefore, Plaintiff is entitled to entry of final default judgment on its claim of copyright infringement.

### 2.     Trademark Infringement and Counterfeiting

"[T]he elements of a claim for trademark infringement occur[ ] when a person 'use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark' which 'is likely to cause confusion, or to cause mistake, or to deceive.'" *Chanel, Inc. v. Reznik*, No. 07-60493-CIV, 2007 WL 9710719, at *2 (S.D. Fla. Nov. 21, 2007) (quoting *Frehling Enters. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999)). Thus, to prevail on Count I, Plaintiff must show "(1) that [the] mark has priority and (2) that [ ] [D]efendants' mark is likely to cause consumer confusion." *Id.*

Plaintiff has sufficiently alleged and established each of these elements: (1) Plaintiff's ownership of the Marks preceded Defaulting Defendants' infringement; (2) Defaulting Defendants are selling, offering for sale, and marketing products with Plaintiff's Marks without Plaintiff's consent or authorization; and (3) the marks used on the products Defaulting Defendants are selling, offering for sale, and marketing are either direct copies, strikingly similar, or substantially similar to Plaintiff's Marks that they are likely to cause consumer confusion. [ECF No. 8, ¶¶ 20, 25–30, 33–35, 37, 49–53, 55–62]; *see also* Declaration of Chris Gibbins [ECF No. 17-1, ¶¶ 3–6, 9–11].[8] Accordingly, Plaintiff is entitled to a default judgment on its Lanham Act trademark infringement and counterfeiting claim (Count II).

---

[8]     Chris Gibbins is the Senior Brand Protection Manager at Goorin Bros., Inc. [ECF No. 17-1, ¶ 3].

D.      Damages

"Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages." *Gov't Emps. Ins. Co. v. Compass Med. Ctrs Inc.*, No. 21-CV-23623, 2022 WL 17653816, at *2 (S.D. Fla. Nov. 10, 2022), *report and recommendation adopted*, No. 21-23623-CIV, 2022 WL 17602650 (S.D. Fla. Dec. 13, 2022). Even in the default judgment context, the Court "has an obligation to assure that there is a legitimate basis for any damage award it enters." A*nheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2688 at 58–59 (3d ed.1998)).

Here, Plaintiff seeks equitable relief and monetary (statutory) damages. [ECF No. 56, pp. 9–18]. As discussed below, Plaintiff is entitled to the relief requested.

1.      Injunctive Relief

Plaintiff seeks the issuance of a permanent injunction. [ECF No. 56, pp. 9–13]. The Lanham Act authorizes the Court to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation

of any right of the registrant of a mark registered in the Patent and Trademark Office[.]" 15 U.S.C. § 1116(a). Generally, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509–10 (S.D. Fla. 1995) (citation omitted). Moreover, injunctive relief is available even in the default judgment setting[ ] because [the] [d]efendants' failure to respond or otherwise appear makes it difficult for a plaintiff to prevent further infringement absent an injunction." *Animacord Ltd. v. Individuals, P'ships & Unincorporated Associations Identified on Schedule "A"*, No. 21-CV-20744, 2022 WL 1109849, at *4 (S.D. Fla. Mar. 24, 2022), *report and recommendation adopted sub nom. Animaccord Ltd. v. Individuals, P'ships, or Unincorporated Associations Identified on Schedule A*, No. 21-20744-CIV, 2022 WL 1102865 (S.D. Fla. Apr. 13, 2022) (internal citation omitted).

To obtain a permanent injunction, Plaintiff must show: (1) irreparable injury; (2) an inadequate remedy at law; (3) that the balance of hardships weigh in favor of issuing an injunction; and (4) the issuance of an injunction would not disserve the public interest. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006).

All four factors are met here. Plaintiff has shown that "[Defaulting] Defendants are promoting, selling, offering for sale, and importing goods into the United States that infringe Plaintiff's copyrights and trademarks, within this [D]istrict, through various

Internet based e-commerce stores using the seller identities set forth on Schedule A (the "Seller IDs")[.]" [ECF No. 8 at 1; *see also* ¶¶ 33–53, 56, 71]. "As a result of [Defaulting] Defendants' actions, Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishing of its valuable copyrights, trademarks, and goodwill[.]" *Id.* at ¶ 9; *see also* ¶ 51.

Additionally, so long as Defaulting Defendants continue their infringing and counterfeiting activities, Plaintiff loses its ability to control its Marks and will continue to suffer irreparable harm to its reputation and goodwill. *See Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & CO's business reputation and decrease its legitimate sales."); *Ferrellgas Partners, L.P. v. Barrow*, 143 F. App'x 180, 190 (11th Cir. 2005) (noting that "[g]rounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill. Irreparable injury can also be based upon the possibility of confusion." (citation omitted)).

Plaintiff has also shown no adequate remedy at law because monetary damages alone will not redress the harm to Plaintiff from Defaulting Defendants' infringement. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1290 (S.D. Fla. 2016) ("[The] [p]laintiff has no adequate remedy at law so long as [the] [d]efendants continue to operate the [s]ubject [d]omain [n]ames and [s]eller IDs because [the] [p]laintiff cannot control the quality of what appears to be its products in the marketplace. An award of money

16

damages alone will not cure the injury to [the] [p]laintiff's reputation and goodwill that will result if [the] [d]efendants' infringing and counterfeiting actions are allowed to continue." (record citation omitted)).

The balance of harms also weighs in favor of issuing a permanent injunction. Plaintiff's injury without an injunction outweighs the impact an injunction would have on Defaulting Defendants. *See Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1264 (S.D. Fla. 2019) (finding that the balance of harms favored the issuance of a permanent injunction where "[the] [p]laintiff face[d] hardship from loss of sales and its inability to control its reputation in the marketplace," whereas "[the] [d]efendants face[d] no hardship if they [were] prohibited from the infringement of [the] [p]laintiff's trademarks, which is an illegal act").

Lastly, the public interest will not be disserved if the Court were to enjoin Defaulting Defendants. "[T]he public interest is served by preventing consumer confusion in the marketplace." *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1304 (11th Cir. 2001) (citing *SunAmerica Corp. v. Sun Life Assurance Co. of Canada*, 77 F.3d 1325, 1334 (11th Cir. 1996));[9] *Mantua Mfg. Co. v. Irize Mattress, Inc.*, No. 20-25036-CIV, 2021 WL 3375837, at *5 (S.D. Fla. Feb. 24, 2021) ("The public interest is served by the entry of a

---

[9] Although *Davidoff & CIE, S.A.* concerned the entry of a *preliminary* injunction and the instant motion seeks the issuance of a *permanent* injunction, "[t]he standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987).

permanent injunction in that further confusion and mistake by the public will be prevented.").

In sum, Plaintiff has shown entitlement to permanent injunctive relief. Therefore, the Undersigned **respectfully recommends** that the District Court enter permanent injunctive relief consistent with the terms listed in paragraphs 1(a)–(j) and 2(a)–(b) of Plaintiff's proposed final default judgment and permanent injunction [ECF No. 56-24, pp. 1–3].

### 2. Monetary (Statutory) Damages

### a) Copyright Infringement

Under the Copyright Act:

> a successful copyright litigant is entitled to any damage suffered and the infringers' profits or, at the election of the copyright owner, statutory damages. Statutory damages are awarded per copyrighted work infringed between Seven Hundred and Fifty Dollars ($750.00) and Thirty Thousand Dollars ($30,000.00), at the discretion of the Court. 17 U.S.C. § 504(c)(1). Further, **if the Court finds that the infringement was willful, it is within the Court's discretion to raise the statutory award to One Hundred and Fifty Thousand Dollars ($150,000.00) per infringed work**.

*Sanrio Co. v. Sommer's Ent. LLC*, No. 18-CV-22177, 2019 WL 2010249, at *4 (S.D. Fla. Mar. 21, 2019) (citing 17 U.S.C. § 504(c)(2) (emphasis added)).

Here, "Plaintiff elects to recover an award of statutory damages as to Count I of the Amended Complaint." [ECF No. 56, p. 14 (citing 17 U.S.C. § 504(c))]. Specifically, Plaintiff seeks a statutory damages award of $150,000.00 per Defaulting Defendant. *Id.* at 15.

"The Court has wide discretion to set an amount of statutory damages." *Affordable Aerial Photography, Inc. v. Elegance Transp., Inc.*, No. 6:21-CV-1166-CEM-LHP, 2022 WL 2306182, at *6 (M.D. Fla. Feb. 23, 2022), *report and recommendation adopted sub nom. Affordable Aerial Photography, Inc. v. Elegance Transp., Inc.*, No. 6:21-CV-1166-CEM-LHP, 2022 WL 2306516 (M.D. Fla. Mar. 14, 2022) (citing *Cable/Home Commc'n Corp. v. Network Prods. Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). It may award statutory damages even in instances where a plaintiff cannot prove actual damages caused by a defendant's infringement. *See ABS-CBN Corp. v. abscbn-teleserye.com*, No. 17-61051-CIV, 2017 WL 6947726, at *8 (S.D. Fla. Dec. 27, 2017) (noting that "[a]n award of statutory damages is appropriate, because statutory damages may be elected whether or not there is adequate evidence of the actual damages suffered by [the] plaintiff or of the profits reaped by the [d]efendant").

The amount of statutory damages awarded should be sufficient to compensate the copyright holder and deter the defendant and others from infringing on that copyright. *See Sadowski v. Orion Healthcare Servs., Inc.*, No. 21-CV-24475, 2022 WL 3155037, at *4 (S.D. Fla. July 21, 2022), *report and recommendation adopted*, No. 21-24475-CV, 2023 WL 2581349 (S.D. Fla. Mar. 21, 2023) ("The goal of statutory damages is not to merely compel restitution of profit and reparation for injury, but to also deter future violations of copyright infringement.").

The infringement in the instant case was willful:

> A defendant is deemed to have acted willfully where "the infringer acted with actual knowledge or reckless disregard" of a plaintiff's intellectual property rights. [*Arista Recs., Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003)]. Willful infringement may be inferred where, as here, a defendant is willing to accept a default judgment. *See Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *7 (S.D. Fla., Oct. 18, 2007).

*Sanrio Co.*, 2019 WL 2010249, at *5.

Moreover, this requested statutory award is within the statutory range for a willful violation, and is sufficient to compensate Plaintiff, punish Defaulting Defendants, and deter Defaulting Defendants and others from continuing to infringe Plaintiff's copyright. *See Max'is Creations, Inc. v. The Individuals, P'ships, and Unincorporated Associations Identified on Schedule "A"*, No. 21-CV-22920, 2022 WL 104216, at *8 (S.D. Fla. Jan. 11, 2022) (awarding the requested $150,000.00 per work for willful copyright infringement and noting that "[t]his award [was] within the statutory range for a willful violation, and [was] sufficient to compensate [the] plaintiff, punish the [c]opyright [d]efendants, and deter [the] [c]opyright [d]efendants and others from continuing to infringe [the] [p]laintiffs' copyrights"). Accordingly, the Undersigned **respectfully recommends** that the Court award Plaintiff the requested $150,000.00 per Defaulting Defendant.

### b) Trademark Infringement and Counterfeiting

The Lanham Act provides multiple remedies for violations of trademark law. In addition to injunctive relief, discussed *supra*, the Lanham Act permits a successful plaintiff "to recover (1) defendant's profits, (2) any damages sustained by the plaintiff,

and (3) the costs of the action." 15 U.S.C. § 1117(a). The Lanham Act also allows for the court-ordered turnover of counterfeit items in a defendant's possession. 15 U.S.C. § 1118.

In certain instances, the Lanham Act provides for the recovery of statutory damages:

> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a), an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of—
>
>> (1) **not less than $1,000 or more than $200,000 per counterfeit mark** per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
>>
>> (2) **if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark** per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c) (emphasis added).

Here, Plaintiff seeks enhanced statutory damages based on Defaulting Defendants' willful conduct. [ECF No. 56, pp. 16–17].[10] It notes that "Defaulting Defendants intentionally copied the GOORIN BROS. Trademarks for the purpose of deriving the benefit of Plaintiff's world-famous reputation" and that "each Defaulting Defendant promoted, distributed, advertised, offered for sale, and/or sold at least one

---

[10]    As noted above, the infringement in the instant case was willful. *See Sanrio Co.*, 2019 WL 2010249, at *5.

type of good bearing marks which were in fact counterfeits of the GOORIN BROS. Trademarks." *Id.* at 17. Thus, Plaintiff asks that the Court award it $200,000.00 in statutory damages against each Defaulting Defendant. *Id.*

The Undersigned **respectfully recommends** that the District Court award Plaintiff the requested statutory damages amount of $200,000.00 against each Defaulting Defendant. This recommended statutory award will compensate Plaintiff, punish Defaulting Defendants, and deter them and others from continuing to counterfeit or otherwise infringe on Plaintiff's trademark, consistent with the purpose of 15 U.S.C. § 1117(c). *See EZ Shoot LLC v. Individuals, P'ships & Unincorporated Associations Identified on Schedule "A"*, No. 23-22599-CIV, 2024 WL 4309094, at *7 (S.D. Fla. Sept. 19, 2024), *report and recommendation adopted sub nom. XYZ Corp. v. Individuals, P'ships & Unincorporated Associations Identified on Schedule "A"*, No. 23-22599-CIV, 2024 WL 4299002 (S.D. Fla. Sept. 26, 2024) ("The Court finds that this requested award of statutory damages—$200,000.00 per [r]emaining [d]efendant—falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just.").

## IV.     Conclusion

For the reasons stated above, the Court should **grant in part and deny in part**[11] Plaintiff's motion [ECF No. 56], award it $150,000.00 per Defaulting Defendant in statutory damages for copyright infringement and $200,000.00 per Defaulting Defendant in statutory damages for trademark infringement and counterfeiting, and issue a permanent injunction against Defaulting Defendants.

Plaintiff will provide a copy of this Report and Recommendations to Defaulting Defendants in the same manner in which the Court authorized alternative service of process on Defendants. [ECF No. 16]. Plaintiff will file a notice of compliance on CM/ECF by no later than **Monday, December 30, 2024**.

## V.      Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with Judge Williams. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions

---

[11]     Plaintiff's motion [ECF No. 56] should be granted in its entirety, **except** that default judgment should not be entered against Defendant No. 118 (ATHACER) because, as noted above, Plaintiff voluntarily dismissed that Defendant after filing the instant motion. *See* [ECF No. 59].

contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on December 23, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record

24